[No. 3335. Decided January 13, 1900.]

## L. T. TURNER *et al., Respondents,* v. JOHN BARNESON *et al., Appellants.*

TRIAL—ADMISSION OF IRRELEVANT EVIDENCE—HARMLESS ERROR.

Where the relevant and irrelevant portions of a conversation are so interwoven that it is necessary, in relating a conversation which it is sought to prove, to state both the relevant and irrelevant portions thereof, error cannot be predicated upon the admission, over objection, of such irrelevant testimony, when the court instructs the jury to disregard that portion which is not otherwise admissible.

CARRIERS—CONTRACTS FOR TRANSPORTATION OF PASSENGERS—PERFORMANCE.

Money paid under a contract for the transportation of passengers by a certain steamer is recoverable, when the contract has become impossible of performance, even when the transportation company tenders the use of other steamers, unless it can be shown that such vessels are equal in speed, safety and accommodations to the vessel in relation to which the contract was made.

Appeal from Superior Court, King County. — Hon. E. D. BENSON, Judge. Affirmed.

One of the plaintiffs, in detailing a conversation with the defendants respecting the contract in controversy, made reference to another contract between the same parties,

which was not in issue in the case, but which was so interwoven with the subject that it was impossible to omit it in testifying to that portion of the conversation which was relevant. Upon objection made by appellants' attorney the court directed the jury to ignore that portion of the conversation which had no bearing on the case on trial.

*James F. McElroy* and *Gorham & Gorham,* for appellants.

*Hastings & Stedman,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This is an action to recover the sum of $1,610, paid as a deposit for one hundred and sixty-one tickets between the port of Seattle and the ports of Skagway and Dyea, under the terms of the following contract, executed between the parties in the month of January, 1898:

" That said parties of the first part, in consideration of payment herein acknowledged, do hereby covenant and agree to furnish to the parties of the second part transportation upon their steamer City of Columbia from the City of Seattle, Washington, to Skaguay or Dyea, at option of passengers, for one hundred and sixty-one (161) passengers (to be named by the parties of the second part prior to sailing), upon the trip of the said City of Columbia to Skaguay or Dyea, sailing on or about March 11th, 1898.

The parties of the second part shall have the privilege of selecting berths upon said vessel as soon as diagram of vessel is received by parties of the first part, notice of which shall be given to parties of the second part.

That said parties of the first part agree that each passenger shall be allowed one hundred and fifty (150) pounds of baggage free, and shall have the privilege of taking at least one ton of freight upon said vessel at the rate of twelve and one-half dollars ($12.50) per ton if taken to Skaguay (including wharfage), and fifteen dollars ($15.00) per ton if taken to Dyea (including lighterage).

It is further agreed that the parties of the second part shall have the option upon giving notice to the parties of the first part ten days before said sailing of said City of Columbia to have transportation of *like character*, with like privileges of baggage and freight and freight rates for such portion of the said one hundred and sixty-one (161) passengers as they may desire upon any one of the other two steamers of which said parties of the first part are agents, or any trip of any of said steamers in March, 1898, in lieu of *like transportation* upon the said City of Columbia.

The said transportation is to be furnished at the rate of forty dollars ($40.00) for each passenger, one-fourth ($\frac{1}{4}$) thereof, to-wit, the total sum of sixteen hundred and ten dollars ($1610.00) cash in hand, the receipt whereof is hereby acknowledged, and the the balance, thirty dollars ($30.00) for each passenger, to be paid on or before the day of sailing.    In the event of failure to pay said sum on any ticket and to take all of the said tickets, the ten dollars ($10.00) paid on each ticket not taken to be forfeited in satisfaction of such failure on such ticket.

In Witness Whereof the parties have set their hands this Tenth day of January, 1898.

> Barneson & Chilcott,
> Turner & Lewis."

Issue was finally joined by answer, and the case was tried by jury, and a verdict rendered in favor of the plaintiffs, and judgment followed, which is appealed from.  The payment of the money is admitted, but it is denied by the answer that the defendants refused to furnish transportation to the plaintiffs, but it is alleged, on the contrary, that the defendants offered to furnish transportation, and that the plaintiffs had not been able to furnish the passengers. It is admitted that the City of Columbia was not able to carry passengers, by reason of her being wrecked, but it is alleged that the use of other vessels was tendered in her stead.   The reply denies the offer of the appellants to furnish transportation other than the City of Columbia.

The errors alleged are: First, that the trial court committed error, over the objection of the defendants, in allow-

ing the witness Lewis to testify concerning a similar contract which the appellants had disposed of by paying back the forfeited money; second, that the court committed error in not sustaining the demurrer of the appellants to the evidence offered by the respondents at the time the respondents rested their case; third, that the court committed error in refusing to give certain instructions; fourth, that error was committed by the court in denying appellants' motion for a new trial.

We think that, under all the evidence shown by the record, no error was committed in relation to the testimony of the witness Lewis; but it appeared that that portion of the testimony which it is claimed is irrelevant was so interwoven with the testimony which was relevant, that it became necessary, in relating the conversation sought to be proven, to state both the relevant and the irrelevant portions of such conversation.    The other three alleged errors all embrace the same principle.

It is contended by the appellants that, under the authorities cited by them, they were not bound to furnish transportation on the City of Columbia, but that the transportation on the other boats which they allege they offered was a full discharge of their obligation under the contract, inasmuch as, under the contract, the respondents had an option to send their passengers on the other boats.    But this option was evidently for the benefit of the respondents.    It was a privilege which they stipulated for, and which they could avail themselves of, or not, as they saw fit.    But no right was conferred by that provision of the contract upon the appellants, and they would stand in relation to their contract just as they would under the law in general governing such contracts, if the stipulation had not been entered into.    Some authorities are cited by the appellants to the effect that a transportation company, under a contract of

this kind, is not bound to furnish the identical boat contracted for; that the contract to carry in any particular vessel is a minor part of the contract, and while the contractor would be under obligation, if the boat were available, to carry all passengers on that particular boat, yet if, by the exercise of due diligence, he procured and tendered another vessel, it will be held that the contract has been substantially performed. We have examined these cases, and the cases cited by the respondents, which sustain the theory that a party contracting to go on a certain vessel has a right to travel on that particular vessel, because he might be familiar with that vessel, with the officers conducting it, know something of its staunchness and its reliability, and this knowledge might be a principal reason for his entering into the contract; but we do not think it necessary to go into a discussion of these respective authorities, for, under all authority, it would be incumbent upon the carrier who had received money for transportation to either furnish the steamer contracted for, or another steamer equally as safe and with equal accommodations.

This state of facts was not pleaded by the defendants, nor was it proven; in fact, the proof of the respective merits and qualifications of the steamer City of Columbia and other steamers, the use of which the appellants claim to have proffered to the respondents, was strenuously objected to by the appellants both on cross and direct examination; and there is nothing in the case to show that the appellants undertook to meet their obligations by tendering the use of vessels which were equal in safety, speed or accommodations to the vessel in relation to which the contract was made.

In addition to this, all the questions of proffer and all the propositions to change the contract which were pleaded by the appellants were questions upon which the testimony

was in direct conflict, and with the weight of that testimony this court will not concern itself.

The instructions asked for by the defendants were properly refused, and, there being no error of law committed in the progress of the trial, the judgment will be affirmed.

GORDON, C. J., and FULLERTON and REAVIS, JJ., concur.